Eric L. Abbott (No. 5850)
Shuffle Master, Inc.
1106 Palms Airport Drive
Las Vegas, NV  89119
Telephone:  (702) 432-4590
Facsimile:  (702) 270-5326
Email: eabbott@shufflemaster.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHUFFLE MASTER, INC., a Minnesota corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TAIWAN FULGENT ENTERPRISE CO., LTD, a Taiwanese corporation,<br><br>　　　　Defendant. | Case No. 2:09-cv-2194<br><br>PLAINTIFF SHUFFLE MASTER, INC.'s COMPLAINT FOR PATENT INFRINGEMENT AND INJUNCTIVE RELIEF<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff Shuffle Master, Inc., by its attorneys, for its complaint against Defendant Taiwan Fulgent Enterprise Co., Ltd., demands a jury trial and alleges as follows:

**I.    Nature of the Case**

　　　　1.    This is a civil action for damages and injunctive relief based on: claims for patent infringement.

　　　　2.    Plaintiff Shuffle Master, Inc., a Minnesota corporation (hereinafter "SMI") is a company with its principal place of business in Clark County, Nevada.  Clark County, Nevada is within the jurisdiction of the United States District Court for the District of Nevada (hereinafter "District of Nevada")

　　　　3.    Amongst other products, SMI sells, leases and assembles in Clark County,

Nevada: random card shuffler apparatuses for sale and lease in the United States and other countries.

4. This case involves Defendant Taiwan Fulgent Enterprise Co., Ltd., a Taiwanese corporation (hereinafter "TAIWAN FULGENT ") who manufactures a random card shuffler apparatus known as the A Plus Shuffler which is also known as the A Type (hereinafter "ACCUSED PRODUCT").

5. TAIWAN FULGENT uses the ACCUSED PRODUCT in the United States and the District of Nevada.

6. TAIWAN FULGENT offers for sale the ACCUSED PRODUCT in the United States and the District of Nevada.

7. TAIWAN FULGENT imports the ACCUSED PRODUCT into the United States and the District of Nevada.

8. The ACCUSED PRODUCT (see sample picture in exhibit 1) is a continuous shuffler product similar to SMI's One2Six random card shuffler apparatus (see exhibit 2).

9. At the Global Gaming Expo, also known as G2E, in Clark County, Nevada, TAIWAN FULGENT has used and offered for sale the ACCUSED PRODUCT on at least the following three occasions and over the course of three days during each of the following occasions: November 2007; November 2008 and November 2009 (hereinafter collectively "NEVADA INFRINGEMENT ACTS").

10. During the NEVADA INFRINGEMENT ACTS, the ACCUSED PRODUCT was put in service and made operational.

**II.   Jurisdiction**

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 USC § 271 et. seq. The Court has personal jurisdiction over TAIWAN FULGENT because TAIWAN FULGENT is a

corporation who committed the NEVADA INFRINGEMENT ACTS as described in paragraphs 9 and 10 above within the District of Nevada giving rise to this action. Further, TAIWAN FULGENT has imported into the District of Nevada from the country of Taiwan the ACCUSED PRODUCT.

**III      Venue**

12.    TAIWAN FULGENT, a corporation under 28 USC 1391(c) has committed the NEVADA INFRINGEMENT ACTS within the District of Nevada giving rise to this action and does business within the District of Nevada.

13.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b)

**IV.     Parties**

14.    SMI is a corporation organized under the laws of the State of Minnesota, having a principal place of business in the District of Nevada at 1106 Palms Airport Drive, Las Vegas, Nevada 89119.

15.    TAIWAN FULGENT is a corporation organized under the laws of Taiwan, and has an office located in at No. 99-6 Sec. 2, Nan-Kang Rd., Taipai City 115 TAIWAN and 1F, No. 99-6, Sec. 2, Nankang Road, Taipai, Taiwan.

16.    SMI is a publically traded company which sells and leases in the United States and elsewhere the following products: random card shuffler apparatuses, proprietary table games (including systems which offer side bets on hands), electronic table games, deck verification devices, card delivery dispensers, casino table game monitoring systems and roulette chip sorters . SMI also offers casino equipment repair and maintenance services.

17.    TAIWAN FULGENT is a Taiwanese corporation that markets worldwide (including the United States) the following products:  automated roulette, automated blackjack automatic baccarat and random card shuffler apparatuses.

/ / /

## COUNT 1

**(Patent Infringement)**

18. Paragraphs 1 through 17 of the Complaint set forth above are incorporated herein by reference.

19. On July 8, 2003, United States Patent No. 6,588,751 (hereinafter the "'751 Patent") entitled "Device and method for continuously shuffling and monitoring cards" was duly and legally issued to the inventors' assignee SMI. SMI is the owner of the '751 Patent. A true and correct copy of the '751 Patent is attached as exhibit 3.

20. On August 14, 2007, United States Patent No. 7,255,344 (hereinafter the "'344 Patent") entitled "Device and method for continuously shuffling and monitoring cards" was duly and legally issued to the inventors' assignee SMI. SMI is the owner of the '344 Patent. A true and correct copy of the '344 Patent is attached as exhibit 4.

21. On January 29, 2008, United States Patent No. 7,322,576 (hereinafter the "'576 Patent") entitled "Device and method for continuously shuffling and monitoring cards" was duly and legally issued to the inventors' assignee SMI. SMI is the owner of the '576 Patent. A true and correct copy of the '576 Patent is attached as exhibit 5.

22. At all times relevant hereto, TAIWAN FULGENT has had actual notice that the ACCUSED PRODUCT infringes the '344 Patent.

23. At all times relevant hereto, under 35 USC § 271, TAIWAN FULGENT has been literally infringing and/or through the doctrine of equivalents at least one claim of each the following patents through the NEVADA INFRINGEMENT ACTS and through the importation into the United States of the ACCUSED PRODUCT: the '751 Patent, the '344 Patent, and the '576 Patent (collectively said patents hereinafter "Patents in Suit").

24. TAIWAN FULGENT's acts of infringement of the Patents in Suit specified herein

4

have caused damage to SMI.  Under 35 U.S.C. § 284, SMI is entitled to recover from TAIWAN FULGENT damages sustained by SMI as a result of TAIWAN FULGENT's above described infringement of the Patents in Suit

25. The acts of infringement by TAIWAN FULGENT specified herein regarding the '344 Patent has been willful and deliberate and entitles SMI to increased damages under 35 USC § 284 and attorneys fees and costs under 35 USC § 285.

## **COUNT 2**

### **(Injunctive Relief)**

26. Paragraphs 1 through 25 of the Complaint set forth above are incorporated herein by reference.

27. Under 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65,   SMI is entitled to a preliminary injunction and/or permanent injunctive relief against TAIWAN FULGENT's importation, sale, offer to sell and use of the ACCUSED PRODUCT to mitigate the irreparable harm that has been caused and continues to be caused by TAIWAN FULGENT's actions of patent infringement as specified above in this Complaint.

28. SMI is entitled to its attorneys' fees and costs.

WHEREFORE, SMI prays for judgment against TAIWAN FULGENT as follows:

(a) Unless expressly permitted by SMI, that TAIWAN FULGENT , and all of their officers, agents, servants, employees and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be preliminarily, and permanently enjoined from advertising, promoting, marketing, using, importing, leasing, offering for sale, selling or otherwise disposing of the ACCUSED PRODUCT;

(b)   That TAIWAN FULGENT  be ordered to make a written report, within a reasonable period of time, to be filed with the Court, detailing the manner of its compliance with the requested injunctive and mandatory relief above;

(c)   For judgment that TAIWAN FULGENT has infringed and continues to infringe

5

1  the Patents in Suit;

2  (d) For damages to be paid by TAIWAN FULGENT adequate to compensate SMI for
3  TAIWAN FULGENT's past and future infringement, including interest, costs and disbursements as
4  the Court may deem appropriate under 35 U.S.C. § 284;

5  (e) For judgment finding that TAIWAN FULGENT's infringement was willful and
6  deliberate, entitling SMI to increased damages under 35 USC § 284;

7  (f) For judgment finding this case to be an exceptional case, and awarding SMI attorney fees
8  under 35 U.S.C. § 285;

9  (g) For costs under 28 U.S.C. § 1920; and

10  (h) That SMI be awarded such other relief at law and in equity as the Court may deem just
11  and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, SMI demands a jury trial of all issues triable to a jury in this action.

DATED this 17th day of November, 2009.          Respectfully submitted,

/s/ Eric L. Abbott
Eric L. Abbott (No. 5850)
Shuffle Master, Inc.
1106 Palms Airport Drive
Las Vegas, NV  89119
Telephone:   (702) 432-4590
Facsimile:   (702) 270-5326
Email: eabbott@shufflemaster.com

*Attorneys for Plaintiff Shuffle Master, Inc.*